UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL POUW, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01263-TWP-TAB |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Michael Pouw, Jr., filed the instant habeas petition challenging a prison disciplinary proceeding NCN 19-03-0039 in which he was found guilty. For the reasons stated below, his petition is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Court. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.SC. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the

petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Mr. Pouw contends that the sanctions imposed included "[r]escinded one-hundred twenty days (120)[.]" Dkt. 1 at 1. Here, as reflected by the Report of Disciplinary Hearing, Mr. Pouw was only sanctioned with non-grievous losses of "30 days lost comm and phone." *See* dkt. 1-1 at 4. No sanctions were notated in the grievous loss section of the report. *Id.* Mr. Pouw's DHO Appeal resulted in the conclusion that the sanctions "do not constitute a grievous loss." *Id.* at 1. Thus, it plainly seems from the exhibits attached to the petition that Mr. Pouw's sanctions did not include the loss of good-time credits or a demotion in credit-class earning. Without either of these sanctions, Mr. Pouw is not "in custody" under § 2254.

Accordingly, Mr. Pouw's petition for a writ of habeas corpus is **dismissed pursuant to Rule 4.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   5/1/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL POUW, JR.
252180
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362